IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | Civ. No. 10-00129 SOM/KSC Cr. No. 07-00032 SOM (02) |
| Plaintiff-APPELLEE, | ) ) | ORDER DENYING AS UNTIMELY |
| vs. | ) ) | PETITION FILED UNDER 28 U.S.C. § 2255 |
| KOSE LASALLE, | ) ) | |
| DEFENDANT-APPELLANT. | ) ) | |
| _____ | ) | |

ORDER DENYING AS UNTIMELY PETITION FILED UNDER 28 U.S.C. § 2255

On March 9, 2010, Petitioner Kose Lasalle moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This petition is untimely.

A federal prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). However, a federal prisoner must file a § 2255 petition within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). For purposes of a § 2255 petition, a judgment becomes final and the limitations period begins to run "upon the expiration of the time during which she could have sought review by direct appeal." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Lasalle

appealed his conviction to the Ninth Circuit, but did not request a writ of certiorari from the Supreme Court. Accordingly, for purposes of filing a § 2255 petition, his judgment became final and the one-year limitation period began to run upon the expiration of the time to petition for a writ of certiorari to the Supreme Court. Clay v. United States, 537 U.S. 522, 524-25 (2003); United States v. Garcia, 210 F.3d 1058 (9th Cir. 2000).

Under Rule 13(1) of the Rules of the Supreme Court of the United States, a petition for writ of certiorari must be filed "within 90 days after entry of the judgment" by the Court of Appeals. See also Clay, 537 U.S. at 525. The Ninth Circuit issued its Judgment in Lasalle's appeal on July 16, 2008, meaning that the one-year statute of limitation began to run in October 2008, when the 90-day period to petition for certiorari expired. The present petition was filed on March 9, 2010, more than one year after the limitation period began to run in October 2008. Even using the date the petition was signed, February 25, 2010, the petition is untimely. See Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc) ("a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"). Accordingly, Lasalle's § 2255 petition is denied as untimely. See 28 U.S.C. § 2255(f).

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). When, as here, a

> district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Lasalle's § 2255 petition is clearly untimely, this court declines to issue him a certificate of appealability. Id. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 10, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Lasalle, Civ. No. 10-00129 SOM/KSC, Crim. No. 07-00032 SOM (02); ORDER DENYING AS UNTIMELY PETITION FILED UNDER 28 U.S.C. § 2255